**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-14-0000594**
**15-MAY-2017**
**08:25 AM**

CAAP-14-0000594 AND CAAP-16-0000029

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAII

**CAAP-14-0000594**
JAY D. CADIZ, Claimant-Appellant, v.
QSI, INC., Employer-Appellee, and FIRST INSURANCE COMPANY OF
HAWAII, LTD., Insurance Carrier-Appellee

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(DOCKET NO. AB 2012-099 (2-10-46361))

AND

**CAAP-16-0000029**
JAY D. CADIZ, Claimant-Appellant, v.
QSI, INC., Employer-Appellee, and FIRST INSURANCE COMPANY OF
HAWAII, LTD., Insurance Carrier-Appellee

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(DOCKET NO. AB 2013-250 (2-11-46922))

ORDER DENYING MOTION FOR RECONSIDERATION
(By: Nakamura, C.J., Leonard and Reifurth, JJ.)

On April 8, 2017, Claimant-Appellant Jay D. Cadiz

(**Claimant**) filed a Motion for Reconsideration and Second Motion

to Supplement the Record, along with a memorandum in support and

a declaration of counsel (**Motion for Reconsideration**). Upon

consideration of Claimant's Motion for Reconsideration, the

papers in support, and the records in Case Nos. CAAP-14-0000594

and CAAP-16-0000029, it appears that:

(1)     In the Motion for Reconsideration, Claimant requests reconsideration of the March 31, 2017 Summary Disposition Order, on grounds that are discussed further below. Additionally, Claimant requests that this court direct the LIRAB to supplement the record with the transcript of Dr. Jannette Hope's (**Dr. Hope's**) testimony or accept the transcript as attached to the Amended Designation (described below) if the LIRAB denies possession of the transcript.

(2)     We begin with Claimant's request regarding the transcript of Dr. Hope's testimony.  On May 29, 2016, Claimant filed a motion to consolidate the appeals in Case Nos. CAAP-14-0000594 and CAAP-16-0000029, to supplement the record on appeal with exhibits filed with the Labor and Industrial Relations Appeal Board (**LIRAB**), and for leave to file a late request for transcript of Dr. Hope's testimony.

On December 5, 2016, this court issued an order granting Claimant's request to consolidate the appeals in Case Nos. CAAP-14-0000594 and CAAP-16-0000029, as well as Claimant's request to supplement the record with both parties' trial exhibits, ordering the LIRAB to supplement the record on appeal within ten days of the order.  This court also granted Claimant's request for leave to file a late Request for Transcript.  The court ordered Claimant to file a request for the transcript of Dr. Hope's testimony within two days of the order, and permitted Employer-Appellee QSI, Inc., (**Employer**) and Insurance Carrier-

Appellee First Insurance Company of Hawaii, Ltd. to file an amended designation of additional parts of the proceedings to be prepared and included in the record on appeal. Notwithstanding the granting of leave to do so, Claimant failed to file a Request for Transcript.

(3) On December 15, 2016, the LIRAB filed a supplemental record on appeal (Docket Nos. 120-124 in CAAP-14-0000594), which did not contain a transcript of Dr. Hope's testimony.

(4) Later on December 15, 2016, Claimant filed an Amended Designation of Additional Parts of Proceeding for Further Supplementation of the Record on Appeal (**Amended Designation**). Claimant requested that the court order the supplementation of the record with the transcript of Dr. Hope's testimony, and attached a transcript of Dr. Hope's partial testimony to the Amended Designation, arguing that the Request for Transcript was unnecessary because counsel believed that the LIRAB was in possession of the transcript.

(5) On March 31, 2017, this court issued its Summary Disposition Order. As stated therein, in CAAP-14-0000594, Claimant raised the following three points of error: (1) the LIRAB failed to properly apply the presumption of compensability under Hawaii Revised Statutes (**HRS**) § 386-85 (2015); (2) the LIRAB erroneously credited Dr. Roger L. Likewise's report; and (3) the LIRAB erroneously excluded Claimant's exhibits, including Dr. Hope's declaration and her credentials. As to the first

3

point of error, this court concluded that the LIRAB did not err when it found that Employer presented relevant and credible evidence of a quality and quantity sufficient to justify a conclusion by a reasonable person that Claimant's injuries are not connected to his work.

In the Motion for Reconsideration, Claimant contends that this court's "evaluation of the evidence lacked [C]laimant's critical expert testimony and proof of illnesses caused by mold exposure, and additionally did not critically weigh the evidence, but erroneously determined that the employer had in fact produced substantial evidence to rebut [Claimant's] proof." Claimant attached a transcript of Dr. Hope's partial testimony, which occurred on August 26, 2014 and August 27, 2014,[1] to the Amended Designation. We note, however, in LIRAB Case No. AB 2012-099, the case underlying CAAP-14-0000594, the evidentiary hearing was held on June 14, 2013 and June 17, 2013. Dr. Hope's testimony occurred well after the evidentiary hearing for LIRAB Case No. AB 2012-099. Thus, the LIRAB did not consider Dr. Hope's testimony in reaching its determination that Employer presented substantial evidence to rebut the presumption of compensability. Accordingly, we cannot conclude that this court would have considered Dr. Hope's testimony to be helpful in resolving Claimant's first point of error.

---

[1] It appears that Dr. Hope testified during the evidentiary hearing for LIRAB Case No. AB 2013-250, the case underlying CAAP-16-0000029.

4

In CAAP-16-0000029, Claimant contended that the LIRAB erred by not remanding the proceedings for a ruling on the merits, arguing that the LIRAB failed to comply with the Hawai'i Administrative Procedure Act (**HAPA**), and engaged in improper rulemaking when it vacated the Director of the Department of Labor and Industrial Relations' decision. In conjunction with our review of the Motion for Reconsideration, we have considered the copy of the subject transcript submitted by counsel with the Amended Designation, and we conclude that this court's further consideration of the transcript would not impact our determination that the LIRAB did not engage in improper rulemaking under HAPA.

IT IS HEREBY ORDERED that Claimant's request to direct the LIRAB to supplement the record with the transcript of Dr. Hope's partial testimony is denied as futile.

IT IS HEREBY FURTHER ORDERED that Claimant's request for reconsideration of this court's March 31, 2017 Summary Disposition Order is denied.

DATED: Honolulu, Hawai'i, May 15, 2017.

Chief Judge

Associate Judge

Associate Judge

5